FILED by _____ D.C.
ELECTRONIC

**June 19, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

# 09-80918-Civ-MARRA/JOHNSON

Miller's Ale House, Inc.

     Plaintiff,

vs.                            Civil No.

BOYNTON CAROLINA ALE HOUSE, LLC.

     Defendant.

_____/

## COMPLAINT FOR TRADEMARK and TRADE DRESS INFRINGEMENT and DILUTION, UNFAIR COMPETITION, COPYRIGHT INFRINGEMENT, DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Miller's Ale House, Inc. ("MAH" or "Plaintiff"), by and through its undersigned attorneys, sues Defendant Boynton Carolina Ale House, LLC, d/b/a Carolina Ale House ("Carolina Ale House" or "Defendant"), and alleges:

### NATURE OF THE ACTION

1.    This action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for infringement of an unregistered trademark, infringement of an unregistered family of trademarks, infringement of unregistered trade dress, and unfair competition; and for trademark infringement and dilution under the laws of the State of Florida; and for trademark infringement, trade dress infringement, and unfair competition under the common law of the State of Florida.

2.    MAH's claims are based on Carolina Ale House's current use of "ALE HOUSE" in Plaintiff's immediate trading area in connection with Defendant's restaurant, and Defendant's copying of many source-identifying attributes of Plaintiff's ALE HOUSE restaurants, and the existence of actual confusion.

3.     This action also arises under sections 501 through 505 of the Copyright Act of 1976 (as amended) for the blatant, unauthorized use of Plaintiff's copyrighted floor plans by Defendant in its restaurant.

## PARTIES, JURISDICTION AND VENUE

4.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Jupiter, Palm Beach County, Florida. Plaintiff operates restaurants which presently include 42 establishments throughout the State of Florida and 5 more restaurants in Georgia, Illinois, Pennsylvania and New York. Plaintiff and its predecessors have continually operated restaurants in Palm Beach County, Florida under the "ALE HOUSE" name since 1988. Since that time, Plaintiff has established a family of marks in relation to its chain of restaurants. Each of the Plaintiff's marks comprising its family of marks consists of the term "Ale House" preceded by a geographic prefix, *e.g.*, JUPITER ALE HOUSE, BOYNTON ALE HOUSE, BOCA ALE HOUSE, etc. (hereinafter collectively referred to as "Plaintiff's Marks" or "Plaintiff's Family of Marks"). Through long, continuous and substantially exclusive use, these marks have come to be recognized by the relevant public as identifying the Plaintiff's establishments and distinguishing Plaintiff's goods and services from those of its competitors. Thus, the "ALE HOUSE" mark and Plaintiff's Family of Marks have achieved secondary meaning in Palm Beach County, Florida, in Southeast Florida, in the State of Florida and particularly in the trading area of each of Plaintiff's restaurants.

5.     Defendant, Boynton Carolina Ale House, LLC d/b/a Carolina Ale House is a Limited Liability Company organized and existing under the laws of the State of Florida, with its principal place of business at 365 N. Congress Avenue, Boynton Beach, Palm Beach County, Florida. Defendant operates a single restaurant at such location under the fictitious name

2

"Carolina Ale House" just over one mile from one of Plaintiff's ALE HOUSE restaurant in Boynton Beach, Palm Beach County, Florida.

6.     This action is brought and subject matter lies with this Court pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court has exclusive, federal question subject matter jurisdiction in this matter in that, under Count IV, Plaintiff seeks injunctive relief and damages against Defendant under the Copyright Act of 1976 (as amended).  This Court has original jurisdiction of this civil action pursuant to 28 U.S.C. §1331 because Counts I, II, III and IV of this Complaint arise under the laws of the United States.  This Court has supplemental jurisdiction of the remaining counts based on Florida law pursuant to 28 U.S.C. § 1367(a).

7.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400 in that, among other things, Defendant resides, does business, and is subject to personal jurisdiction in this District.  Further, a substantial part of the events on which Plaintiff's claims are based occurred in the Southern District of Florida.

### FACTS COMMON AND APPLICABLE TO ALL COUNTS

8.     MAH has enjoyed a reputation as an outstanding restaurateur and has established leading restaurants in the communities which it has entered, including five restaurants in Palm Beach County, Florida.

9.     Plaintiff is the owner of significant common law rights to the "ALE HOUSE" trademark and Plaintiff's Family of Marks.  As described below, Defendant has acknowledged that opening a restaurant including the term "Ale House" within the trading area of senior user of ALE HOUSE would result in actual confusion and cause serious injury to the senior user.

3

10.    In addition, Plaintiff has established a family of ALE HOUSE trademarks using a geographic prefix to "ALE HOUSE". This prefix typically is either the actual geographic name of the municipality or a suggestive name such as "Boynton" instead of Boynton Beach.

11.    In addition to its trademark and its Family of Marks, Plaintiff has created rights in its trade dress; specifically, its restaurant elements which serve a source identifying function including the restaurant's layout and floor plan, its decor and related attributes, its menu, and its promotional items, through long and consistent use of such elements in multiple Florida markets including Palm Beach County long prior to the entry of Defendant into the Palm Beach County market.

12.    Plaintiff has invested a substantial amount of money in advertising and promoting its products and services under its ALE HOUSE trademark and its Family of Marks and trade dress.

13.    As a result of Plaintiff's substantial and continuous use of the trademark, Family of Marks and trade dress and its associated advertising and promotional efforts, the trademark, Family of Marks, and trade dress have become well-known, widely known and favorably known at least throughout the State of Florida and in Palm Beach County, and the trademark, Family of Marks and trade dress have achieved secondary meaning. Specifically, the trademark, Family of Marks and trade dress have come to be known to the public as representing products and services of high quality associated with a single source. Through favorable public acceptance and recognition, the trademark, Family of Marks and trade dress constitute assets of substantial value as a symbol of Plaintiff, its quality products and services, and its goodwill.

14.    Thus Plaintiff's trademark, Family of Marks and trade dress have become widely and favorably known and recognized by consumers as identifying products and services

4

originating from, sponsored by or associated with a single source, namely, Plaintiff. The public has come to distinctly associate the trademark, Family of Marks and trade dress solely with Plaintiff as a source of high quality goods and services that are provided to the public by Plaintiff.

15.     Defendant Carolina Ale House commenced use of "CAROLINA ALE HOUSE" (the "Infringing Mark") in Florida, and specifically in Palm Beach County, Florida, a little over one mile from Plaintiff's BOYNTON ALE HOUSE location, about 20 years after Plaintiff began using the name ALE HOUSE and JUPITER ALE HOUSE in Palm Beach County, Florida, and about 18 years after Plaintiff had opened its BOYNTON ALE HOUSE, and after Plaintiff's trademark, Family of Marks and trade dress had become famous throughout Florida.

16.     Defendant is using the Infringing Mark to advertise, market and sell products and services similar to those of Plaintiff, namely, similar and identical food and beverage products combined with similar service in an unmistakably similar environment.

17.     Defendant Carolina Ale House provides its goods and services under the primary mark "ALE HOUSE" with "CAROLINA" as an undersized geographic prefix, and employs and will continue to employ the same in its promotional, advertising and soliciting materials and on its website, www.carolinaalehouse.com.   Defendant Carolina Ale House's use of the "ALE HOUSE" mark and trade dress in Florida did not start until long after Plaintiff's "ALE HOUSE" mark, Family of Marks and trade dress had become famous and achieved secondary meaning and consumer recognition throughout Florida.

18.     The Defendant's Infringing Mark is substantially similar in overall appearance and impression to Plaintiff's trademark and Family of Marks, giving rise to a likelihood of

5

consumer confusion as to source, sponsorship, relationship and/or affiliation as between Plaintiff and Defendant.

19.    Defendant Carolina Ale House, on information and belief, operates as a licensee under a license from LM Restaurants, Inc. of Raleigh, North Carolina and has recognized in its license agreement that opening a second restaurant including the name ALE HOUSE within 50 miles of a first restaurant including ALE HOUSE in its name would cause actual confusion and serious injury to the first restaurant.

20.    The Defendant's infringing trade dress incorporates the overall look and impression of Plaintiff's trade dress and gives rise to a likelihood of consumer confusion as to source, sponsorship, relationship and/or affiliation as between Plaintiff and Defendant.

21.    Defendant uses the infringing trademark and trade dress in connection with the same or similar services and products in a similar environment so as to be likely to deceive the public into believing that such products and services are related to, connected with or sponsored by Plaintiff.

22.    Plaintiff's Family of Marks and Defendant's Infringing Mark target the same or similar prospective customers through the same or similar advertising media including the internet.

23.    Plaintiff and Defendant distribute their goods through the same or similar channels of trade. One of Plaintiff's restaurants, BOYNTON ALE HOUSE, is located at 2212 North Congress Avenue, Boynton Beach, Florida. This establishment has been at the same location for 18 years. In early 2008, Defendant Carolina Ale House opened a restaurant at 365 North Congress Avenue, Boynton Beach, Florida, just over one mile from Plaintiff's ALE HOUSE restaurant.

6

24.     Defendant has acted in bad faith by coming into Plaintiff's trading area and trying to confuse the Florida public with the advance knowledge of Plaintiff's prior use of its trademark and Family of Marks.  Upon information and belief, at all times material hereto, Defendant's licensor had actual knowledge of Plaintiff's prior use of its trademark and Family of Marks due to direct contacts between the parties. The Defendant's use of "CAROLINA ALE HOUSE" in light of its knowledge of Plaintiff's prior extensive use and common law ownership of its trademark and Family of Marks was willful and intentional, and represents a deliberate effort to trade on the goodwill developed by Plaintiff in its trademark and Family of Marks.

25.     Defendant's use of "CAROLINA ALE HOUSE" as a trademark and trade name, is now and will continue to cause irreparable harm, damage and injury to Plaintiff.

26.     Defendant's use of "CAROLINA ALE HOUSE" as a trademark and trade name, has and will cause confusion, deception, harm and injury to the public.

27.     In addition, Defendant has adopted the "look and feel" of the Plaintiff's restaurants so as to take advantage of Plaintiff's well-earned reputation by imitating Plaintiff's trade dress.

28.     Defendant's activities as complained of herein are in interstate and intrastate commerce and are without Plaintiff's permission or consent.

29.     Defendant's activities as complained of herein are knowing, willful and deliberate violations of Plaintiff's rights.

30.     Defendant's activities as complained of herein have caused and are likely to continue to cause confusion, to cause mistake, or to deceive as to the source, sponsorship or approval of Defendant's goods and services by Plaintiff, in violation of Plaintiff's rights.

7

31.     Defendant's activities as complained of herein are to the injury and detriment of Plaintiff.

32.     Plaintiff has partial but incomplete and inadequate remedy at law. Unless such acts are restrained and enjoined by this Court, Defendant will continue to infringe upon Plaintiff's trademark, Family of Marks and trade dress, and the resulting damage to Plaintiff will be substantial, continuing and irreparable.

## FACTS APPLICABLE TO PLAINTIFF'S COPYRIGHT COUNT

33.     From 1988 to 1996, a series of floor plans were created for Plaintiff's various restaurants. These floor plans are embodied in technical/architectural drawings as well as in at least some of Plaintiff's restaurants (collectively, the "Plaintiff's Floor Plans").

34.     The Plaintiff's Floor Plans consist of wholly original material and are copyrightable matter under the laws of the United States.

35.     Plaintiff's predecessor filed a claim of copyright in the Plaintiff's Floor Plans with the U.S. Copyright Office.  On March 13, 1998, the U.S. Copyright Office issued Certificate of Registration No. VAu000435198 to Plaintiff's predecessor for Plaintiff's Floor Plan One.  On March 23, 1998, the U.S. Copyright Office issued to Plaintiff's predecessor Certificate of Registration No. VAu000434204 for Plaintiff's Floor Plan Two, Certificate of Registration No. VAu000434205 for Plaintiff's Floor Plan Three, Certificate of Registration No. VAu000434207 for Plaintiff's Floor Plan Four, and Certificate of Registration No. VAu000434206 for Plaintiff's Floor Plan Five.  A true and correct copy of the copyright application for Plaintiff's Floor Plan Five is attached as Exhibit 16.

36.     Plaintiff and/or its predecessor has complied in all respects with the Copyright Act of 1976 (as amended) and all other laws governing copyright.

8

37.     Plaintiff is the owner by assignment of the Plaintiff's Floor Plans.

38.     Plaintiff's Floor Plans are embodied in and prominently displayed in its restaurants throughout the State of Florida. For instance, Plaintiff's Floor Plan Five is embodied in at least Plaintiff's Brandon Ale House restaurant in Brandon, Florida.

39.     Defendant has had access to the Plaintiff's Floor Plans at least as a result of the extensive and prominent public display of Plaintiff's Floor Plans at its various restaurants across the State of Florida and elsewhere and based on publicly available records from the U.S. Copyright Office.

40.     Without Plaintiff's authorization, Defendant's restaurant includes a floor plan (the "Carolina Ale House Floor Plan") that is substantially similar to Plaintiff's Floor Plan Five.

41.     Plaintiff registered Plaintiff's Floor Plan Five with the United States Copyright Office prior to Defendant's use of the infringing Carolina Ale House Floor Plan.

42.     Defendant's activities violate Plaintiff's exclusive rights in at least Plaintiff's Floor Plan Five under at least 17 U.S.C. § 106.

43.     Plaintiff has never granted Defendant permission to use of the Plaintiff's Floor Plans in any respect, including as part of the Carolina Ale House Floor Plan.

44.     Defendant never sought or obtained Plaintiff's permission to copy, duplicate, display, or create a copy or a derivative work that is based on, imitates or otherwise exploits Plaintiff's Floor Plan Five.

45.     The Carolina Ale House Floor Plan was created without Plaintiff's knowledge.

46.     Defendant knew or should have known, at least by reasonable inspection of the public records of the U.S. Copyright Office, that Plaintiff or its predecessor were the owners of the Plaintiff's Floor Plans and such plans were subject to copyright protection.

9

47.     Defendant's infringing acts were willful, deliberate and committed with prior notice and knowledge of Plaintiff's copyright.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT – LANHAM ACT VIOLATION

48.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 32 as if fully set forth herein.

49.     Defendant's activities as complained of herein constitute trademark infringement of Plaintiff's unregistered trademark in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiff.

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT – LANHAM ACT VIOLATION

50.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

51.     Defendant's activities complained of herein constitute infringement of Plaintiff's unregistered family of trademarks in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiff.

## COUNT III

## FEDERAL TRADE DRESS INFRINGEMENT – LANHAM ACT VIOLATION

52.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 though 47 as if fully set forth herein.

53.     Defendant's activities as complained of herein imitate the look and feel of Plaintiff's unregistered trade dress and constitute infringement of Plaintiff's trade dress in violation of 15 U.S.C. § 1125 (a) to the injury and detriment of Plaintiff.

**COUNT IV**

**FEDERAL UNFAIR COMPETITION – LANHAM ACT VIOLATION**

54.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 though 47 as if fully set forth herein.

55.     Defendant's activities as complained of herein constitute unfair competition in violation of 15 U.S.C. § 1125(a) to the injury and detriment of Plaintiff.

**COUNT V**

**COPYRIGHT INFRINGEMENT**

56.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 though 47 as if fully set forth herein.

57.     Plaintiff is, and at all material times hereto has been, the owner of the copyright in the Plaintiff's Floor Plans, and thus entitled and authorized to protect the Plaintiff's Floor Plan Five against copyright infringement, including the enforcement of copyright actions.

58.     Defendant's unauthorized exploitation, duplication, use, and display of a floor plan that is substantially similar to Plaintiff's Floor Plan Five constitutes infringement of the copyright in the Plaintiff's Floor Plan Five.

59.     Since at least March 2008, Defendant has infringed and continues to infringe upon Plaintiff's copyright in Plaintiff's Floor Plan Five.

60.     Defendant deliberately and knowingly infringed the copyright for the Plaintiff's Floor Plan Five by reproducing, preparing, causing, contributing to and participating in the unauthorized preparation and reproduction of one or more copies or derivative works based on and copied from Plaintiff's Floor Plan Five.

11

61.     As a result of its activities, Defendant is liable to Plaintiff for willful copyright infringement under 17 U.S.C. § 501.

62.     Plaintiff suffered and will continue to suffer substantial damage to its business reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof.

63.     In addition to Plaintiff's actual damages, Plaintiff is entitled to receive profits made by Defendant from its wrongful acts that are not taken into account by Plaintiff's actual damages pursuant to 17 U.S.C. § 504.

64.     In the alternative, Plaintiff is entitled to elect at any time prior to trial, statutory damages pursuant to 17 U.S.C. § 504(c). If elected, statutory damages should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement.

65.     Plaintiff does not have an adequate remedy at law for Defendant's wrongful conduct in that (i) Plaintiff's Floor Plan Five is unique and valuable property; (ii) the infringement by Defendant constitutes an interference with Plaintiff's goodwill and reputation; and (iii) Defendant's wrongful conduct, and the damages resulting to Plaintiff therefrom, may be continuing.

66.     Defendant's acts of copyright infringement have caused Plaintiff irreparable injury and Defendant threatens to continue to commit these acts. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 17 U.S.C. § 502 enjoining any uses by Defendant of Plaintiff's Floor Plan Five and to an order under 17 U.S.C. § 503 that any Defendant's infringing materials be impounded and destroyed.

67.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## COUNT VI

### FLORIDA STATUTORY TRADEMARK INFRINGEMENT

68.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

69.     Plaintiff is the owner by assignment of various Florida State Trademarks including Miller Ale House (Trademark Registration T02000001136, copy attached as Exhibit 1), Jupiter Ale House and Raw Bar and design (Trademark Registration T14907, copy attached as Exhibit 2), Boynton Ale House and Raw Bar and design (Trademark Registration T14909, copy attached as Exhibit 3), Boca Ale House and Raw Bar and design (Trademark Registration T94000001388, copy attached as Exhibit 4), and Ale House and Raw Bar and design (Trademark Registration T15005, copy attached as Exhibit 5).

70.     Each of the Trademark Registrations referred to in paragraph 69 is valid and subsisting.

71.     Defendant's activities as complained of herein amount to the use of a colorable imitation of one of Plaintiff's registered trademarks in violation of Florida Statutes 495.131 to the injury and detriment of Plaintiff.

## COUNT VII

### FLORIDA STATUTORY TRADEMARK DILUTION

72.     Plaintiff Ale House re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

73.     Defendant's activities as complained of herein amount to dilution of Plaintiff's famous trademark in violation of Florida Statutes 495.151 to the injury and detriment of Plaintiff.

13

74.     Defendant's activities as complained of herein amount to dilution of Plaintiff's family of famous unregistered trademarks in violation of Florida Statutes 495.151 to the injury and detriment of Plaintiff.

## COUNT VIII

### FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

75.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

76.     Defendant's activities as complained of herein amount to infringement of Plaintiff's common law rights in its trademark to the injury and detriment of Plaintiff.

77.     Defendant's activities as complained of herein amount to infringement of Plaintiff's common law rights in its family of trademarks to the injury and detriment of Plaintiff.

## COUNT IX

### FLORIDA TRADE DRESS INFRINGEMENT

78.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

79.     Defendant's activities as complained of herein amount to infringement of Plaintiff's common law rights in its trade dress to the injury and detriment of Plaintiff.

## COUNT X

### UNFAIR COMPETITION – FLORIDA COMMON LAW

80.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1 through 47 as if fully set forth herein.

81.     Defendant's activities as complained of herein constitute unfair methods of competition in violation of the common law of the State of Florida.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment and relief against Defendant Carolina Ale House and respectfully requests that this Court:

A.     Find that Defendant has engaged in trademark infringement in violation of the laws of the United States;

B.     Find that Defendant has engaged in trade dress infringement in violation of the laws of the United States;

C.     Find that Defendant has engaged in unfair competition in violation of the laws of the United States;

D.     Find that Defendant has engaged in copyright infringement in violation of the laws of the United States;

E.     Find that Defendant has engaged in trademark infringement in violation of Florida Statute 495.131;

F.     Find that Defendant has engaged in trademark dilution in violation of Florida Statute 495.151

G.     Find that Defendant has engaged in trademark infringement and trade dress infringement in violation of Florida common law;

H.     Find that Defendant has engaged in unfair competition in violation of Florida common law;

I.     Enter judgment for Plaintiff on all Counts of the Complaint.

J.     Temporarily, preliminarily and permanently enjoin, restrain and forbid Defendant, and all of Defendant's principals, servants, officers, directors, partners, agents, representatives,

15

shareholders, employees, affiliates, successors and assignees and all others acting in privity, concert or participation with Defendant, from:

    (i).    imitating, copying, duplicating or otherwise making any use of Plaintiff's trademark, or any mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's trademark in any manner;

    (ii).    imitating, copying, duplicating or otherwise making any use of Plaintiff's family of trademarks, or any mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's family of trademarks in any manner;

    (iii).    imitating, copying, duplicating or otherwise making any use of Plaintiff's trade dress, or any trade dress confusingly similar to or likely to dilute the distinctiveness of Plaintiff's trade dress in any manner;

    (iv).    manufacturing, producing, distributing, circulating, selling or otherwise using any printed material which bears a copy or colorable imitation of Plaintiff's trademark, family of marks and/or trade dress;

    (v).    using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product advertised, promoted, offered or sold by Defendant is sponsored, endorsed, connected with, approved by, or authorized by Plaintiff;

    (vi).    causing likelihood of confusion or injury to Plaintiff's business reputation and to the distinctiveness of Plaintiff's trademark, family of trademarks and/or trade dress by any unauthorized use of the same;

    (vii).    engaging in any activity constituting unfair competition with Plaintiff or with Plaintiff's rights in , or to use, or to exploit the same;

16

(viii).        further using Plaintiff's trademark, family of trademarks and/or trade dress, or confusingly similar variations thereof, in or as a part of any product names, menus, billboards, labels, slogans, advertising, marketing and/or media material, web page text, domain name or other communication;

(ix).        using Plaintiff's trademark and/or family of trademarks as a keyword, search word, meta-tag, as any part of a uniform resource locator, as any part of an email address or as any part of the description of a web site in any submission for registration of any Internet site with a search engine or index; and

(x).        assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in sub-paragraphs (i)-(ix) above;

K.        Enter an order requiring Defendant and all of its principals, servants, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees and all others acting in privity, concert or participation with Defendant, who receive actual notice of said order, to deliver up all goods or products, signs, articles, items, and promotional, advertising and any other printed materials of any kind bearing Plaintiff's trademarks any of Plaintiff's family of trademarks, or any other mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's trademark;

L.        Direct Defendant to account for all products and materials bearing Plaintiff's trademark or any other mark confusingly similar to or likely to dilute the distinctiveness of Plaintiff's trademark, and to surrender all such products and materials to the Court for destruction;

M.        Award Plaintiff actual damages in an amount to be proved at trial and/or as otherwise provided by law;

17

N.      Order an accounting by Defendant of any profits derived in any way from Defendant's wrongful acts;

O.      Enter judgment for Plaintiff and against Defendant that it has:

    (i).      willfully infringed Plaintiff's rights in the federally registered copyright for the Plaintiff's Floor Plan Five under 17 U.S.C. § 501; and

    (ii).      otherwise injured the reputation and business of Plaintiff through the acts and conduct set forth in Count V;

P.      Enter an order against Defendant revoking any false claim of copyright registration filed for the unauthorized Carolina Ale House Floor Plan and enters a declaration that Plaintiff is the true an rightful copyright owner of the Carolina Ale House Floor Plan;

Q.      Enter judgment for Plaintiff and against Defendant:

    (i).      for the actual damages suffered by Plaintiff as a result of the copyright infringement complained of herein; and

    (ii).      for the disgorgement of any profits of Defendant that are attributable to Defendant's infringement not taken into account by an award of actual damages, including in particular but without limitation, the value of all gains, profits, advantages, benefits and consideration derived by Defendant since the beginning of its infringement from the sales of its products and services, reduced only by any allowable deductions and elements of profits attributable to factors other than the copyrighted work that Defendant may provide under its burden of proof pursuant to 17 U.S.C. § 504, or

    (iii).      In the alternative, if Plaintiff so elects, in lieu of recovery of its actual damages and Defendant's profits, for a 17 U.S.C. § 504(c) award of statutory

damages against Defendant, for all copyright infringements (willful or otherwise) involved in this action, as to each work in question;

R.     Preliminarily enjoin Defendant and its officers, agents and employees and all persons acting in concert with them, during the pendency of this action and permanently thereafter, from infringing the copyright in the Plaintiff's Floor Plan Five or any of the Plaintiff's Floor Plans in any manner and from distributing, selling, advertising, broadcasting, publishing or otherwise communicating Plaintiff's Floor Plans in the United States or elsewhere, including any photographs, commercials, video, or other media and/or materials that contain or refer to all or part of the Plaintiff's Floor Plan Five or that otherwise contain any work derived therefrom, further including, without limitation, any and all copies of the unauthorized Carolina Ale House Floor Plan.

S.     Enter an order pursuant to 17 U.S.C. §§ 503 and 509 mandating the impounding of all infringing materials containing the Plaintiff's Floor Plan Five in Defendant's possession, custody or control.

T.     Award Plaintiff prejudgment interest.

U.     Award Plaintiff its reasonable attorney fees and costs of suit incurred herein; and

V.     Award such other and further relief as is just and proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.


**NOVAK, DRUCE + QUIGG, LLP**

Dated: _6/19/09_

J. Rodman Steele, Jr. (Florida Bar No.: 356786)

Email: rodman.steele@novakdruce.com
Jerold I. Schneider (Florida Bar No. 26975)
Email: Jerold.schneider@novakdruce.com
525 Okeechobee Blvd, 15th Floor,
West Palm Beach, FL 33401
Telephone:  (561) 838-5229
Facsimile:  (561) 838-5578

Wesley A. Lauer (Florida Bar No.: 137851)
Email: wesley.lauer@akerman.com
**AKERMAN SENTERFITT**
222 Lakeview Ave., 4th Floor
West Palm Beach, FL  33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313

Attorneys for Plaintiff

# EXHIBIT 1

## ASSIGNMENT OF MARK REGISTRATION

1. The mark to be assigned is:   MILLER'S ALE HOUSE

Registration Number:   ~~T90021136~~   T0200000 1136

2. ASSIGNOR:
Name:  Ale House Management, Inc. (Florida corporation)

If Assignor is a corporation, the state in which incorporated & FL registration Number:  P94000018678

Address:   612 North Orange Avenue, Suite C-6

City:  Jupiter                   State/Zip:  Florida, 33458

3. ASSIGNEE:
Name:  Miller's Ale House, Inc.

F0400000 5372

If Assignee is a corporation, the state in which incorporated & FL registration number: Delaware

Address:  612 North Orange Avenue, Suite C-6

City:  Jupiter                  State/Zip  Florida, 33458

4. All right, title and interest in and to said mark, together with the good will of the business in which the mark is used (or that part of the good will of the business connected with the use of the mark) is hereby assigned by  Ale House Management, Inc.

(the Assignor)

Miller's Ale House, Inc.
_____
(the Assignee)

_____          _____
(Assignor's Signature)                          (Assignee's Signature)

By  Kathleen F. Grangard                By  William P. Logan
(Typed or Printed Name of Person        (Typed or Printed Name of Person
Signing Above)                                  Signing Above)

On this  1  day of  November  2004 ,  Kathleen F. Grangard & William P. Logan
personally appeared before me,

☐ who is personally known to me   ☒ whose identity I proved on the basis of  driver's licenses

(Notary Seal)                        _____
                                     Signature of Notary

MILDA ALKAITIS
Notary Public, State Of New York
No. 01AL6074206
Qualified In New York County
Commission Expires May 13, 2006

Instructions:  The assignment must be signed by both the assignee and the assignor.  If a corporation, an officer of the corporation must sign.  Both the assignee's and the assignor's signature must be acknowledged before a Notary Public.  If you need assistance, call the Registration Section at (850) 245-6051.

FILING FEE: $50
Division of Corporations, P. O. Box 6327 Tallahassee, FL 32314

# EXHIBIT 2

## ASSIGNMENT OF MARK REGISTRATION

1. The mark to be assigned is: JUPITER ALE HOUSE AND RAW BAR and Design of a Grouper-like fish attached to a Lighthouse and Design of a Fisherman with Beard with Slogan: "A Reel Great Place to Catch a Good Time"

Registration Number: _____T14907_____

2. ASSIGNOR:
Name: Ale House Management, Inc. (Florida corporation)

If Assignor is a corporation, the state in which incorporated & FL registration Number: P94000018678

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter            State/Zip: Florida, 33458

3. ASSIGNEE:
Name: Miller's Ale House, Inc.

If Assignee is a corporation, the state in which incorporated & FL registration number: F04000005373

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter            State/Zip Florida, 33458

4. All right, title and interest in and to said mark, together with the good will of the business in which the mark is used (or that part of the good will of the business connected with the use of the mark) is hereby assigned by Ale House Management, Inc.            to
(the Assignor)

Miller's Ale House, Inc.
(the Assignee)

_____            _____
(Assignor's Signature)                       (Assignee's Signature)

By Kathleen F. Grangard            By   William P. Logan
(Typed or Printed Name of Person            (Typed or Printed Name of Person
Signing Above)                              Signing Above)

On this 1 day of November, 2004, Kathleen F. Grangard & William P. Logan
personally appeared before me,

☐ who is personally known to me  ☒ whose identity I proved on the basis of drivers licenses

(Notary Seal)            _____
                         Signature of Notary Public

MILDA ALKAITIS
Notary Public, State Of New York
No. 01AL6074208
Qualified In New York County
Commission Expires May 13, 2006

**Instructions:** The assignment must be signed by both the assignee and the assignor. If a corporation, an officer of the corporation must sign. Both the assignee's and the assignor's signature must be acknowledged before a Notary Public. If you need assistance, call the Registration Section at (850) 245-6051.

FILING FEE: $50
Division of Corporations, P. O. Box 6327 Tallahassee, FL 32314



# EXHIBIT 3

## ASSIGNMENT OF MARK REGISTRATION

1. The mark to be assigned is: BOYNTON ALE HOUSE AND RAW BAR and Design of a Grouper-like Fish attached to a lighthouse and design of a fisherman with beard with slogan: "A Reel Great Place to Catch a Good Time"

Registration Number: T14909

2. ASSIGNOR:
Name: Ale House Management, Inc. (Florida corporation)

If Assignor is a corporation, the state in which incorporated & FL registration Number: P94000018678

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter                State/Zip: Florida, 33458

3. ASSIGNEE:
Name: Miller's Ale House, Inc.

If Assignee is a corporation, the state in which incorporated & FL registration number: Delaware

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter                State/Zip Florida, 33458

4. All right, title and interest in and to said mark, together with the good will of the business in which the mark is used (or that part of the good will of the business connected with the use of the mark) is hereby assigned by Ale House Management, Inc. to

                                    (the Assignor)

Miller's Ale House, Inc.
                (the Assignee)

_____          _____
(Assignor's Signature)             (Assignee's Signature)

By Kathleen F. Grangard            By William P. Logan
   (Typed or Printed Name of Person)   (Typed or Printed Name of Person
   Signing Above)                      Signing Above)

On this 4 day of November , 2004, Kathleen F. Grangard & William P. Logan
personally appeared before me,

☐ who is personally known to me ☒ whose identity I proved on the basis of drivers licenses

                                    _____
(Notary Seal)                       Signature of Notary Public

                                    MILDA ALKAITIS
                                    Notary Public, State Of New York
                                    No. 01AL6074206
                                    Qualified In New York County
                                    Commission Expires May 13, 2006

**Instructions:** The assignment must be signed by both the assignee and the assignor. If a corporation, an officer of the corporation must sign. Both the assignee's and the assignor's signature must be acknowledged before a Notary Public. If you need assistance, call the Registration Section at (850) 245-6051.

**FILING FEE: $50**
Division of Corporations, P. O. Box 6327 Tallahassee, FL 32314



# EXHIBIT 4

# ASSIGNMENT OF MARK REGISTRATION

1. The mark to be assigned is: BOCA ALE HOUSE AND RAW BAR AND Design of a Grouper-like fish attached to a lighthouse along with fisherman with beard and slogan: "A Reel Great Place to Catch a Good Time"

Registration Number: T94000001388

2. ASSIGNOR:

Name: Ale House Management, Inc. (Florida corporation)

If Assignor is a corporation, the state in which incorporated & FL registration Number: P94000018678

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter     State/Zip: Florida, 33458

3. ASSIGNEE:

Name: Miller's Ale House, Inc.

If Assignee is a corporation, the state in which incorporated & FL registration number: Delaware     F040000005373

Address: 612 North Orange Avenue, Suite C-6

City: Jupiter     State/Zip Florida, 33458

4. All right, title and interest in and to said mark, together with the good will of the business in which the mark is used (or that part of the good will of the business connected with the use of the mark) is hereby assigned by  Ale House Management, Inc.  to
                                                                                    (the Assignor)

Miller's Ale House, Inc.
_____
(the Assignee)

_Kathleen J Grangard_                         _Wm Logan_
(Assignor's Signature)                         (Assignee's Signature)

By _Kathleen F. Grangard_                    By _William P. Logan_
(Typed or Printed Name of Person              (Typed or Printed Name of Person
Signing Above)                                Signing Above)

On this _4_ day of _November_ ,2004 , Kathleen F. Grangard & William P. Logan
personally appeared before me,

☐ who is personally known to me    ☒ whose identity I proved on the basis of _drivers licenses_

(Notary Seal)                                    MILDA ALKAITIS
                                          Notary Public, State Of New York
                                              No. 01AL6074206
                       _____  Qualified In New York County
                       Signature of Notary         Commission Expires May 13, 2006

**Instructions:** The assignment must be signed by both the assignee and the assignor. If a corporation, an officer of the corporation must sign. Both the assignee's and the assignor's signature must be acknowledged before a Notary Public. If you need assistance, call the Registration Section at (850) 245-6051.

**FILING FEE: $50**
Division of Corporations, P. O. Box 6327 Tallahassee, FL  32314



# EXHIBIT 5

## ASSIGNMENT OF MARK REGISTRATION

1. The mark to be assigned is: ALE HOUSE AND RAW BAR AND Design of Fish attached to a lighthouse and design of a fisherman with beard with Slogan:   "A Reel Great Place to Catch a Good Time"

Registration Number: _____ T15005 _____

2. ASSIGNOR:
Name: _____ Ale House and Raw Bar, Inc. (Florida corporation) _____

If Assignor is a corporation, the state in which incorporated & FL registration Number: _P00000010656_

Address: _612 North Orange Avenue, Suite C-6_

City: _Jupiter_ State/Zip: _Florida, 33458_

3. ASSIGNEE:
Name: _Miller's Ale House, Inc._

If Assignee is a corporation, the state in which incorporated & FL registration number: F04000005372

Address: _612 North Orange Avenue, Suite C-6_

City: _Jupiter_ State/Zip _Florida, 33458_

4. All right, title and interest in and to said mark, together with the good will of the business in which the mark is used (or that part of the good will of the business connected with the use of the mark) is hereby assigned by _____ Ale House and Raw Bar, Inc. _____ to
(the Assignor)

Miller's Ale House, Inc.
(the Assignee)

_Kathleen F Grangard_
(Assignor's Signature)

_Wm logan_
(Assignee's Signature)

By _Kathleen F. Grangard_
(Typed or Printed Name of Person Signing Above)

By _William P. Logan_
(Typed or Printed Name of Person Signing Above)

On this _1_ day of _November_, 2004, _Kathleen F. Grangard & William P. Logan_ personally appeared before me,

☐ who is personally known to me  ☑ whose identity I proved on the basis of _drivers licenses_

(Notary Seal)

_MM_
Signature of Notary

**MILDA ALKAITIS**
Notary Public, State Of New York
No. 01AL6074208
Qualified In New York County
Commission Expires May 13, 2006

**Instructions:** The assignment must be signed by both the assignee and the assignor. If a corporation, an officer of the corporation must sign. Both the assignee's and the assignor's signature must be acknowledged before a Notary Public. If you need assistance, call the Registration Section at (850) 245-6051.

**FILING FEE: $50**
Division of Corporations, P. O. Box 6327 Tallahassee, FL 32314

JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases**

FILED by ___ D.C.
ELECTRONIC
June 19, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### I. (a) PLAINTIFFS
MILLER'S ALE HOUSE, INC.

### DEFENDANTS
BOYNTON CAROLINA ALE HOUSE, LLC

**(b)** County of Residence of First Listed Plaintiff   Palm Beach County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Palm Beach County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
J. Rodman Steele, Jr.; Novak Druce + Quigg, LLP
525 Okeechobee Boulevard, 15th Floor
West Palm Beach, Florida 33401
(561) 838-5229

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☑ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

*09 CV 80918 MARRA JOHNSON*

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☒ 463 Habeas Corpus-Alien | | ☐ 950 Constitutionality of State |
| | Other | | Detainee | | Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO     b) Related Cases ☐ YES ☐ NO

JUDGE _____   DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C 1125(a) Lanham Act Violation; Trademark and Trade Dress Violation; 17 U.S.C. 501 Copyright Infringement
LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  6/19/09

FOR OFFICE USE ONLY
AMOUNT  350.00     RECEIPT #  725988     IFP