UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80918-CIV-MARRA

MILLER'S ALE HOUSE, INC.,

Plaintiff,

vs.

BOYNTON CAROLINA ALE HOUSE, LLC,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Boynton Carolina Ale House, LLC's Motion for Change of Venue (DE 34).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On June 19, 2009, Plaintiff Miller's Ale House, Inc. ("Plaintiff") filed a Complaint, alleging federal trademark infringement (counts one and two), trade dress infringement (count three), unfair competition (count four), copyright infringement (count five), Florida statutory trademark infringement (count six), Florida statutory trademark dilution (count seven), Florida common law trademark infringement (count eight), Florida trade dress infringement (count nine) and unfair competition (count ten).  The basis for these claims arise from allegations that Defendant Boynton Carolina Ale House, LLC ("Defendant") uses the term "ALE HOUSE" in Plaintiff's immediate trading area in connection with Defendant's restaurant as well as copying many of attributes of Plaintiff's restaurants. (Compl. ¶ 1.)   According to the Complaint, the "ALE HOUSE" mark and Plaintiff's family of marks have achieved secondary meaning in


Florida, especially in the trading area of each of Plaintiff's restaurants.  (Compl.. ¶ 4.)  Defendant is a limited liability company organized under the laws of the state of Florida that does business under the name Carolina Ale House with its principal place of business at 365 North Congress Avenue in Boynton Beach, Florida. (Compl. ¶ 5.)   Defendant began its use of the name "Carolina Ale House" 20 years after Plaintiff began using the name "ALE HOUSE" and Defendant uses this name about one mile away from one of Plaintiff's ALE HOUSE restaurants. (Compl. ¶¶ 5, 15.)  The Complaint alleges that venue is proper in this district because Defendant resides, does business, is subject to personal jurisdiction in this District and a substantial part of the events on which Plaintiff's claims are based occurred in this District.  (Compl. ¶ 7.)

Defendant seeks a transfer of venue pursuant to 28 U.S.C. § 1404(a), claiming that the proper venue for this action is the Eastern District of North Carolina ("EDNC").  Defendant is not a party to that lawsuit, but Defendant points out it is the licensee of the plaintiff in that suit, LM Restaurants, Inc. ("LM").  Plaintiff opposes transfer and states that North Carolina is not a venue where Plaintiff could have originally brought its suit.  Specifically, Plaintiff notes that this dispute involves two Florida corporations based on events occurring in Florida.

II.  Discussion

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion.  See <u>Brown v. Connecticut Gen. Life Ins. Co.</u>, 934 F.2d 1193,

1197 (11th Cir.1991).

In deciding the issue of transfer, the Court must first determine whether the alternative venue is one in which the action could have been brought originally by the plaintiff.  See Van Dusen v. Barrack, 376 U.S. 612, 616-17 (1964).   Venue for civil actions not founded solely on diversity of citizenship is governed by 28 U.S.C. § 1391(b).  That statute provides as follows:

> A civil action . . . may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b)

Moreover, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).  Congress authorized courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public and to conserve time, energy and money. Van Dusen v. Barrack, 376 U.S. at 616. The burden is on the movant to establish that the suggested forum is more convenient.  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir.1989); Allied Specialty Ins. Inc. v. Ohio Water Parks, Inc., 699 F. Supp. 878, 882 (M.D. Fla.1988); Garay v. BRK Electronics, 755 F. Supp. 1010, 1011 (M.D. Fla.1991).   Prior to making the determination of convenience, however, the Court must first determine whether this suit could have been brought in North Carolina.  See Van Dusen, 376 U.S. at 616-17 (transfer power is expressly limited to those federal districts in which the action "might have been brought").

Based on this record, it is clear that Defendant is a limited liability company organized under the laws of the state of Florida with its principal place of business in Palm Beach County, Florida. (Compl. ¶ 5.)  Likewise, it is equally clear that the two restaurants - Boynton Ale House and the Carolina Ale House - are located in this judicial district, not North Carolina. (Compl. ¶ 15.)  Furthermore, at issue in this case is whether the alleged acts have caused any customer confusion in Florida. Significantly, Defendant's motion does not address the venue statute nor does the motion make any argument that the suit could have been brought in North Carolina. Not surprisingly, Plaintiff points out this deficiency in its response memorandum.  Consequently, in its reply memorandum, Defendant states that venue is proper pursuant to 28 U.S.C. § 1391 or "jurisdictions to which the parties contractually agree." and "North Carolina, not Florida, is at the epicenter of this controversy." (Reply at 1.)

Of course, Defendant's "epicenter" argument ignores the requirements of the venue statute and can be summarily dismissed on that basis alone.  Furthermore, while Defendant cites to 28 U.S.C. § 1391, it neglects to apply the statute to any of the facts at hand and states merely that Plaintiff "knew it could bring its action in the EDNC." (Reply at 1.)  Of course, the venue statute requires more; namely, a showing that Defendant resides in North Carolina or that a substantial part of the events or omissions giving rise to the claim occurred in North Carolina, or a substantial part of property that is the subject of the action is situated in North Carolina.  Lastly, Defendant points to a settlement agreement entered into between LM and Plaintiff in which, according to Defendant, Plaintiff agreed not to bring intellectual property suits prior to engaging in mediation in North Carolina.  Assuming <u>arguendo</u> that this interpretation of the agreement is the correct one, this agreement has no bearing on Defendant's motion to change venue.  Instead,

4

Defendant may raise this argument by way of a defense or as a basis of Plaintiff's failure to comply with a condition precedent.  Finally, given that Defendant has failed to demonstrate that this suit could have been brought in North Carolina, the Court need not address the factors relating to the convenience of parties and witnesses with respect to a change of venue.

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Boynton Carolina Ale House, LLC's Motion for Change of Venue (DE 34) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 25th day of November, 2009.

_____
KENNETH A. MARRA
United States District Judge