UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80918-CIV-MARRA/JOHNSON

MILLER'S ALE HOUSE, INC.,

Plaintiff,

vs.

BOYNTON CAROLINA ALE HOUSE, LLC

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant's Motion to Tax Costs (DE 139) and Defendant's Motion for Attorney's Fees (DE 148). The Court has carefully considered the motions and is otherwise fully advised in the premises.

On October 5, 2010, the Court issued an Order granting Defendant's motion for summary judgment. (DE 133.) With respect to Plaintiff's trademark infringement claim under the Lanham Act, the Court held that this claim was barred by the doctrine of issue preclusion based on the ruling in Ale House Management, Inc. v. Raleigh Ale House, Inc., 205 F.3d 137 (4th Cir. 2000). In so doing, the Court noted that Plaintiff's evidence of non-genericness of the phrase "ale house" was insufficient. Next, with respect to the trade dress claim under the Lanham Act, the Court held, as a matter of law, that Plaintiff's claimed trade dress was not inherently distinctive nor was there any genuine issue of material fact that Plaintiff's trade dress had acquired secondary meaning. The Court also held no reasonable jury could find that Defendant engaged in unfair competition under the Lanham Act. Finally, with respect to the copyright claim, the Court found, as a matter of law, that Plaintiff could not show substantial similarity and therefore could

not prove its copyright claim.

A court may award reasonable attorney's fees to the prevailing party in an exceptional trademark infringement case brought under 15 U.S.C. § 1125(a). 15 U.S.C. § 1117(a).  An "exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists."  Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) quoting Dieter v. B & H Indus. of S.W. Fla., Inc., 880 F.2d 322, 329 (11th Cir.1989) and Safeway Stores, Inc. v. Safeway Discount Drugs, Inc., 675 F.2d 1160, 1169 (11th Cir.1982).  "[A]n award of attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an improper motive." Welding Svcs., Inc. v. Forman, 301 Fed. Appx. 862, 862-63 (11th Cir. 2008) (citing Tire Kingdom, 253 F.3d at 1336); Lipscher v. LRP Publ'ns, Inc., 266 F.3d 1305, 1319 n.10 (11th Cir.2001) ("While an exceptional case [for a prevailing plaintiff] is characterized as one in which the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful, the legislative history to the Lanham Act makes it clear that attorney's fees are also available to prevailing defendants in exceptional cases." (quotation marks omitted)) (citing H.R.Rep. No. 93-524 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7133).   The decision to award attorney's fees is subject to review under the abuse of discretion standard. Dieter, 880 F.2d  29.

A court may also "award a reasonable attorney's fee to the prevailing party" under the Copyright Act.  17 U.S.C. § 505. To determine whether a fee should be granted, a court must "weigh[ ] the relevant factors and exercise[ ] its discretion."  MiTek Holdings, Inc. v. Arce Engineering Co., Inc., 198 F.3d 840, 842 (11th Cir. 1999).  These "nonexclusive factors" include

"frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  Id. (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994) (internal quotation marks omitted)).  These factors must be applied in a manner that is "faithful to the purposes of the Copyright Act" and "applied to prevailing plaintiffs and defendants in an evenhanded manner." Id.

In support of its contention that Plaintiff brought this suit for an improper motive and bad faith, Defendant makes numerous arguments.  First, Defendant contends that Plaintiff has "pursued meritless commercial litigation against licensees of LM Restaurants, Inc." ("LMR")[1] and highlights four separate litigations between the parties.  (DE 150 at 2-5.)  Second, Defendant states that Plaintiff knew the term "ale house" was generic when it brought this suit, Plaintiff's trade dress claim was unsupported by the evidence and Plaintiff continued this case after it knew it could not succeed. (DE 150 at 6-14.)

Plaintiff responds that there was no bad faith or fraud, stating that the Lanham Act claims were well-founded and asserted in good faith. (DE 161 at 7-13.)  In addition, Plaintiff asserts that it litigated the case in good faith and did not increase the costs of the litigation. (DE 161 at 13-15.)

After reviewing the entire record, the Court concludes this is an exceptional case that entitles Defendant to an award of attorney's fees under the Lanham Act.  As set forth in the summary judgment order, the heart of this case was the trademark infringement claim based on

---

[1] LMR licenses the "Carolina Ale House" brand to 13 restaurants across North Carolina, South Carolina, and Florida. Defendant is a licensee of LMR. (DE 133 at 4.)

Defendant's use of the term "ale house."  Plaintiff, however, was well-aware that this term was "generic' when it brought the suit and the Court finds that Plaintiff filed the suit to gain a competitive edge over Defendant.  Previously, the United States Court of Appeals for the Fourth Circuit affirmed the lower court's decision rejecting Plaintiff's predecessor in interest's claim which alleged trademark infringement of the term "ale house."  In so doing, that court found that the term "ale house" was generic.  See Ale House Management, Inc. v. Raleigh Ale House, Inc., 205 F.3d 137 (4th Cir. 2000).  Thus, Plaintiff was well-aware that the term "ale house" was generic.

Furthermore, there is compelling evidence that Plaintiff uses the legal process as a competitive ploy.  For example, when LMR applied to register its Carolina Ale House Food Sports Fun stylized logo with the United States Patent and Trademark Office, Plaintiff opposed the registration on the basis that the Fourth Circuit previously decided that "ale house" preceded by a geographic location is generic and incapable of obtaining trademark protection.  (TTAB decision, Opposition No. 91152294, May 2, 2005, DE 29-3.)  Significantly, this position was in stark contrast to the position taken in the instant case.  Moreover, Plaintiff filed suit in 2002 in the United States District Court for the Eastern District of North Carolina against LMR licensees because those restaurants offered a "chicken zinger" appetizer[2] and filed suit in December of 2008 in Florida state court against Defendant alleging trademark infringement based on term "ale house." (DE 29-43.)

Based on this record, Plaintiff has engaged in four separate litigations against either

---

[2] The citation provided to the court documents of this case is inaccurate, however, Plaintiff does not dispute that this litigation occurred.

4

Defendant or licensees of LRM in an attempt to gain a competitive advantage. The instant case simply sought to re-litigate many aspects of prior litigation, especially with respect to the trademark infringement claim. This leads the Court to conclude that the suit was brought to harass Plaintiff's business competitors. Cases are legion that an award of attorney's fees is appropriate under such circumstances. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 282-83 (3d Cir. 2000); Ale House Management, Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 144 (4th Cir. 2000)³; San Juan Prods., Inc. v. San Juan Pools, Inc., 849 F.2d 468, 476 (10th Cir. 1988); Universal City Studios, Inc. v. Nintendo Co., 797 F.2d 70, 77 (2d Cir. 1986); Fuddruckers, Inc. v. Doc's B.R. Others, Inc., 623 F. Supp. 21, 22 (D. Ariz. 1985), reversed on other grounds, 826 F.2d 837 (9th Cir. 1987); Mennen Co. v. Gillette Co., 565 F. Supp. 648, 657 (S.D.N.Y. 1983)

 Furthermore, the Court's summary judgment order, as well as the preliminary injunction order, highlighted the weakness of the entire case, which also included a trade dress claim. The trade dress claim was nothing more than an add-on to the main claim of trademark infringement and Plaintiff failed to provide any evidence to raise a genuine issue of material fact on this point. The same can be said of the false advertising claim. Such groundless claims, in conjunction with evidence of Plaintiff's improper motive in bringing this action, support an award of attorney's fees under the Lanham Act. See F & G Research, Inc. v. Google, Inc., No. 06-60905-CIV, 2007 WL 2774031, at * 12 (S.D. Fla. Sept. 21, 2007) (in patent cases, a case is deemed "exceptional" when the plaintiff has engaged in a "frivolous suit" and "[a] suit is frivolous where the patentee

---

³ The Court notes that in the case previously litigated in North Carolina, where the Fourth Circuit Court of Appeals held that the term "ale house" was generic, the court affirmed the award of attorney's fees against Plaintiff's predecessor in interest.

knew, or should have known by reasonable investigation, that the suit was groundless"); see also IMAF S.p.A. v. J.C. Penney Co. Inc., 810 F. Supp. 96 (S.D.N.Y. 1992) (awarding fees in light of "absolute failure to make a sincere attempt validly to establish an essential element" of a Section 43(a) Lanham Act claim); Diamond Supply Co. v. Prudential Paper Prods., 589 F. Supp. 470, 476 (S.D.N.Y. 1984) (awarding fees based on finding that suit was "so patently baseless" that it presented an exceptional case; the plaintiff presented "virtually no evidence whatsoever" against the defendant); Viola Sportswear, Inc. v. Mimun, 574 F. Supp. 619, 621 (E.D.N.Y. 1983) (awarding fees where case was without merit and noting that "[o]ne can only speculate about the motives which prompted this suit and in doing so none that are laudable come readily to mind").

Finally, while much of the above-discussion is also applicable to a discussion of attorney's fees under the Copyright Act, the Court observes that "[t]he touchstone of attorney's fees under [the Copyright Act] is whether imposition of attorney's fees will further the interests of th[at] Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure 'that the boundaries of copyright law [are] demarcated as clearly as possible' in order to maximize the public exposure to valuable works." MiTek, 198 F.3d at 842-43 (citing Fogerty, 510 U.S. at 526-27). Given the significant differences between the two floor plans at issue in the restaurants, the Court finds that the motivation behind Plaintiff in bringing the copyright claim was an anti-competitive purpose, which would serve to minimize public exposure to works, and not reasonable copyright concerns. As such, compensating Defendant for its attorney's fees would further the goal of the Copyright Act.

For the foregoing reasons, the Court concludes that Defendant is entitled to reasonable

attorney's fees under the Lanham and Copyright Acts. Given that entitlement has been determined, the Court will refer the motion for a determination of the amount of reasonable attorney's fees to be awarded. The Court will also refer the motion to tax costs.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant's Motion to Tax Costs (DE 139) is **REFERRED** to United States Magistrate Judge Linnea R. Johnson for appropriate disposition or report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida.

2) Defendant's Motion for Attorney's Fees (DE 148) is **GRANTED IN PART AND REFERRED IN PART.** The motion is granted as to entitlement to attorney's fees and referred to United States Magistrate Judge Linnea R. Johnson for appropriate disposition or report and recommendation pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida for a determination of the amount of attorney's fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of March, 2011.

_____
KENNETH A. MARRA
United States District Judge