IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
09-80918-CIV-MARRA/JOHNSON

| | |
|---|---|
| MILLER'S ALE HOUSE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOYNTON CAROLINA ALE )<br>HOUSE, LLC, )<br>)<br>Defendant. ) | DEFENDANT'S OBJECTIONS TO REPORT<br>& RECOMMENDATION [D.170.] |

Defendant Boynton Carolina Ale House, LLC hereby submits its objections to the Report & Recommendation granting in part and denying in part Defendant's request for fees and costs.

### I.     Plaintiff Should Be Bound by Its Local Rule 7.3 Meet and Confer Position.

The Magistrate's recommendation would eviscerate the requirements and purpose behind Local Rule 7.3.  Further, Plaintiff's complete disregard and reversal of its representations it made during the L.R. 7.3 meet and confer process significantly disadvantaged Defendant.  This Court should not condone such tactical gamesmanship by Plaintiff.

In applicable part, Local Rule 7.3(b) requires that:

> Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and nontaxable expenses.  *The respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority.*

L.R. 7.3(b) (emphasis added).  Plaintiff failed the requirements of this rule and its complete about-face after the meet and confer significantly prejudiced Defendant.

Defendant served its motion for fees and all supporting documentation (to include time sheets) on Plaintiff on November 4, 2010.  [D.163-1, ¶ 5.]  On November 22, 2010, Mr. Anthony Biller, counsel for Defendant, held a telephonic meet and confer with Mr. Raymond Robin,

counsel for Plaintiff. [*Id.* at ¶ 6.] Mr. Robin specifically told Defendant that Plaintiff was *not* going to challenge the reasonableness of Defendant's time entries or charged fees, and that Plaintiff was focusing its opposition on whether fees should be awarded. [*Id.*] At that time, Plaintiff did not describe with reasonable particularity any time entry or nontaxable expense Plaintiff objected to, nor did Plaintiff provide any legal authority. To the contrary, counsel for Plaintiff raised no issues with Defendant's fee evidence and explained that Plaintiff was only opposing whether this case warranted fee shifting. In reliance upon Plaintiff's statement regarding Defendant's fee evidence, Defendant filed its time entries with the Court. In direct contradiction to Plaintiff's meet and confer statements, Plaintiff thereafter attacked Defendant's time entries in its filed Response. [*See* D.161.] The Response was the first Defendant heard of *any* of these objections.

The Magistrate excused Plaintiff's about-face and violation under the mistaken belief that Plaintiff did not have access to Defendant's detailed fee record until Defendant filed such record with the Court. In actuality, however, Defendant served that record on Plaintiff on November 4, 2010 pursuant to the requirements of Rule 7.3. [*See* D.148 at 2; Haas Aff., ¶ 3 (attached hereto as Ex. A).] The record served upon Plaintiff included, *inter alia,* an itemized spreadsheet listing Defendant's lead counsel's time with descriptions and copies of Defendant's local counsel's invoices. Plaintiff had the detailed fee record for 62 days, which included a 20 day extension, before filing its Response, and did not once raise any objection, concern or question to Defendant's time entries. Had Plaintiff raised and preserved its particular fee and billing objections during the meet and confer process, Defendant would have been able to address (and moot) many if not most of the issues.

This Court should find Plaintiff violated Local Rule 7.3, make Plaintiff keep its word, overrule Plaintiff's objections, and grant Defendant its fee request in its entirety.

## II.     The Court Should Overrule The Denial Of Recovery For "Block Billing"

Defendant's counsel expended a reasonable number of hours on every phase of this case. [D.170, pp. 18-22 (reasonable time expended on each phase of the case).]  Nonetheless, the Magistrate proposes eliminating numerous entries in their entirety for "block billing," claiming that the entries prevent the Court from determining whether the time expended was reasonable. [D.170, pp. 6-8.]  This recommended approach should not be accepted.  If the overall hours expended on each phase of the case were reasonable, the time allotted to the underlying tasks should presumably be reasonable.  Instead, the Magistrate's reasoning treats each sub-task as presumably unreasonable if she could not allocate a precise time to it.  Undersigned counsel respectfully suggests that such an adverse presumption is unfair and unfounded where the overall billing is found to be reasonable.

Further, to separate each task out into its own time entry would be inherently unfair to Defendant, as such a billing practice often increases the costs of the suit.  Defendant's counsel uses West/Thomson Reuters' ProLaw® to track their time.  ProLaw® allows users to trigger a clock when they start or stop work for a client and records time in tenths-of-an-hour increments, i.e., every six minutes is equal to 0.1 billed hours.  When the clock is stopped, the ProLaw® system automatically rounds each time entry up to the nearest 0.1 hour.[1]  If Defendant's counsel were to separately split out each activity, the result would be that the ProLaw® system would round the time spent on each task up to the next 0.1 hour, increasing the cost of attorneys' fees to

---

[1] For example, 6 minutes and 1 second, 8 minutes and thirty seconds, and twelve minutes and 0 seconds are each recorded by the Prolaw® system as 0.2.

the client. To avoid over-charging clients, Defendant's counsel groups all its work for a client on a particular day into one entry.

Finally, to the extent the Court takes issue with the entries identified in footnote 3 to the Magistrate's report, Defendant submits herewith a copy of the spreadsheet, breaking each entry identified in the report into components. [*See* Ex. B *hereto*.] As Defendant has cured these entries, Defendant prays recovery of the fees associated therewith.

### III. Defendant Cured Its Inadvertent Filing Omission of Documentation Regarding Local Counsel's Fees.

On November 4, 2010, Defendant served its motion for fees on Plaintiff, as well as a memorandum and voluminous evidence in support of that motion. [Haas Aff., ¶ 3.] Among the information Defendant served upon Plaintiff was a spreadsheet of Defendant's fees, along with copies of local counsel's invoices. On the spreadsheet, Defendant labeled local counsel's fees as "attorneys' fees." To provide a description of the local counsel services for which fees were claimed, Defendant attached local counsel's invoices to the spreadsheet.

Prior to filing with the Court, Defendant amended the spreadsheet to include costs to which Plaintiff had objected from Defendant's Bill of Costs. [D.146.] When Defendant amended the spreadsheet, Defendant inadvertently left off the invoices and filed the incomplete exhibit with the Court. Despite Defendant's inadvertent filing mistake, Plaintiff addressed the local counsel invoices in its Response. [D.161, pp. 23-24.] Indeed, Plaintiff argued about information available only in the invoices. Through a filing error, the local counsel invoices were not submitted to the Court. They had, however, been served on Plaintiff.

After Defendant realized its mistake, Defendant included the invoices previously served on Plaintiff in Defendant's *Villano* supplement. [D.171.] Defendant's mistake was inadvertent, has been cured, and did not prejudice Plaintiff. Defendant respectfully prays the Court include

4

the $16,502.50 in fees the Magistrate recommended deducting from Defendant's local counsel fees.

## IV. Defendant Should Receive Its Costs For The Trademark Search Report

The Magistrate denied granting Defendant recovery of the fees for its trademark search report, claiming the report did not fall within the enumerated categories of 28 U.S.C. § 1920. Subsection 4, however, permits recovery for "exemplifications." Defendant's trademark search report was purchased for use as an exhibit and, indeed, was used as an exhibit. [*See* D.71-1 (exhibit to summary judgment filings).] The trademark search report is recoverable as a cost.

Even if this Court finds the trademark search report is not recoverable as a cost, it is recoverable as part of an attorneys' fee award. The Magistrate found that, had Defendant been a plaintiff, Defendant would be entitled to recover the cost of the Thomson Compumark trademark search report as part of its attorneys' fees request. [D.170, p. 24.] The Magistrate, however, recommended that defendants and plaintiffs be held to different standards in the recovery of fees and denied Defendant's request. [*Id*.] Such a finding contradicts the Supreme Court's holding that "[p]revailing plaintiffs and prevailing defendants are to be treated alike" for determining fee awards. *Fogerty v. Fantasy, Inc.,* 510 US 517, 534, 114 S. Ct. 1023, 1033 (1994). Although *Fogerty* addressed awards of attorneys' fees under the Copyright Act, the Supreme Court noted that "the federal fee-shifting statutes in the patent and trademark fields, which are more closely related to that of copyright, *support a party-neutral approach*." *Id.* at n.12 (emphasis added). Further, as this Court previously noted, when it comes to awarding fees under the Lanham Act, "the Eleventh Circuit has never had a dual standard." *Cardinal Freight Carriers, Inc. v. Cardinal Logistics, Inc*., 155 F. Supp. 2d 1352, 1354 (S.D. Fla. 2001) (prevailing party held to same standard whether plaintiff or defendant). To find that Defendant cannot recover the

trademark search because Defendant was a defendant and not a plaintiff would be a legal error. Accordingly, this Court should permit Defendant to recover the cost of its trademark search report, or $612.50.

## CONCLUSION

This Court should award Defendant its originally requested fees and costs of $324,395.47, plus those fees Defendant expended in prosecuting this motion, including the fees requested in the *Villano* supplement, [D.171 ($20,191.79)], for a total of $344,587.26.  This Court should hold that Plaintiff waived its right to object to Defendants' fee evidence when Plaintiff failed to disclose such objections pursuant to the requirements of Local Rule 7.3.  In the alternative, this Court should permit Defendant to recover the amount recommended by the Magistrate ($235,034.22) and add to that the fees deducted for block billing ($67,656.00), local counsel fees ($16,502.50), the trademark search report ($612.50), and the *Villano* supplement ($20,191.79), for a total of $339,997.01.

Respectfully submitted, this the 25th day of April, 2011.

**Attorneys for Defendant Boynton Carolina Ale House LLC**

By: */s/Anthony J. Biller*
ANTHONY J. BILLER
NC State Bar No. 24,117
Email: abiller@coatsandbennett.com
EMILY M. HAAS
NC State Bar No. 39,716
Email: ehaas@coatsandbennett.com
DAVID E. BENNETT
NC State Bar No. 12,864
Email: dbennett@coatsandbennett.com
COATS & BENNETT, PLLC
1400 Crescent Green, Suite 300
Cary, NC 27518
Telephone: (919) 854-1844
Facsimile:  (919) 854-2084
Of Counsel

By: */s/ Jeffrey L. Hochman*
JEFFREY L. HOCHMAN
Florida Bar No. 902098
Email: Hochman@jamgb.com
HUDSON C. GILL
Florida Bar No. 15274
Email: hgill@jamgb.com
JOHNSON, ANSELMO, MURDOCH,
   BURKE, PIPER & HOCHMAN, P.A.
2455 E. Sunrise Blvd., 10th Floor
Fort Lauderdale, FL 33304
Telephone: (954) 463-0100
Facsimile:  (954) 463-2444

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on the 25th day of April 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

              */s/ Jeffrey L. Hochman*
              JEFFREY L. HOCHMAN

## SERVICE LIST

**Miller's Ale House, Inc., v. Boynton Carolina Ale House, LLC**
**Case No.: 09-80918-CIV-MARRA-JOHNSON**
**United States District Court, Southern District of Florida**

Harvey W. Gurland, Jr.
Email: HWGurland@duanemorris.com
Raymond L. Robin
Email: RLRobin@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard, Suite 3400
Miami, FL 33131
Telephone: (305) 960-2200
Facsimile:  (305) 960-2201

Attorneys for Plaintiff Miller's Ale House, Inc.

Service via CM/ECF

Anthony J. Biller
Email: abiller@coatsandbennett.com
Emily M. Haas
Email: ehaas@coatsandbennett.com
David E. Bennett
Email: dbennett@coatsandbennett.com
COATS & BENNETT, PLLC
1400 Crescent Green, Suite 300
Cary, NC 27518
Telephone: (919) 854-1844
Facsimile:  (919) 854-2084

Attorneys for Defendant Boynton Carolina Ale House, LLC

Service via CM/ECF

Jeffrey L. Hochman
Email: hochman@jamgb.com
Hudson C. Gill
Email: hgill@jamgb.com
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
2455 E. Sunrise Blvd., 10th Floor
Fort Lauderdale, FL 33304
Telephone: (954) 463-0100
Facsimile:  (954) 463-2444

Attorneys for Defendant Boynton Carolina Ale House, LLC

Service via CM/ECF