## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| MILLER'S ALE HOUSE, INC., | ) | |
| | ) | **CIVIL ACTION NO. 09-80918** |
| **Plaintiff,** | ) | **MARRA/JOHNSON** |
| | ) | |
| **v.** | ) | |
| | ) | |
| BOYNTON CAROLINA | ) | |
| ALE HOUSE, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Miller's Ale House, Inc. ("Plaintiff"), by and through its undersigned counsel,

submits Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (DE 184).

## ARGUMENT

### I.      *Fox v. Vice* Does Apply to the Instant Litigation

Magistrate Judge Johnson is mistaken in her recommendation not to apply the recent

Supreme Court case *Fox v. Vice*, 131 S. Ct. 2205 (2011), to the fee shifting provisions of the

Copyright Act and Lanham Act.  The holding in *Fox v. Vice* should not be limited to § 1988 fee

shifting analysis.  Indeed, nowhere does the Supreme Court state that its holding is limited to §

1988 cases.

Magistrate Judge Johnson bases her restrictive reading of *Fox v. Vice* on the difference in

policy objectives between the Civil Rights Acts and those of Lanham or Copyright Act.   (See

DE 184 at 9) ("The policy objectives of the Civil Rights Acts are dissimilar to the policy

objectives of the Lanham Act or the Copyright Act, and the undersigned accordingly finds that

the holding of *Fox v. Vice* is not applicable to the award of attorney's fees in the present case.").

However, the question is not whether or not the policy objectives of the Civil Rights Acts are dissimilar to the policy objectives of the Lanham Act or the Copyright Act. The question is whether or not the application of *Fox v. Vice* would further the objectives of the fee shifting provisions of those statutes.

Awarding fees to prevailing defendants under § 1988 "protect[s] defendants from burdensome litigation having no legal or factual basis." *Fox*, 131 S. Ct. at 2211. To keep an award of fees in line with this purpose, the Supreme Court mandated a rigid but-for test to prevent defendants from obtaining attorney's fees for work done on the non-frivolous claims where their fee requests involves work done on a mix of frivolous and non-frivolous claims. *See id.* The same applies to the fee shifting provisions of the Copyright Act and the Lanham Act.

As with § 1988, providing fees to prevailing defendants under the Copyright Act and Lanham Act protects defendants from the burden of defending themselves against frivolous litigation. For example, the Copyright Act limits an award of fees to prevailing defendants in cases borne from "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994). Similarly, the Lanham Act allows an award of fees to prevailing defendants "only in exceptional circumstances and on evidence of fraud or bad faith." *See Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.,* 675 F.2d 1160, 1169 (11th Cir. 1982). Applying the but-for test from *Fox v. Vice* to the fee shifting provision of the Copyright Act and Lanham Act would ensure that an award of fees conforms to the narrow circumstances set by the Copyright Act and Lanham Act.

Thus, *Fox v. Vice* should apply to the instant case.

**II.     Magistrate Judge Johnson's Recommendation that BCAH Be Awarded $12,287.97 in Fees and Costs for its North Carolina Counsel Disregards the Local Rules of this Court**

As argued in Plaintiff's Opposition to Defendant's Untimely Request for Additional Fees ("Plaintiff's Opposition") (DE 174), "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensely v. Eckerhart*, 461 U.S. 424, 433 (U.S. 1983). Moreover, Local Rule 7.3(a)(7) requires that the party seeking fees "describe and document **with invoices** all incurred and claimed fees and nontaxable expenses." *Maale v. Kirchgessner*, 2011 U.S. Dist. LEXIS 18506, 53-54 (S.D. Fla. Feb. 18, 2011) (citing LR 7.3(a)(7) (emphasis added). BCAH failed to submit evidence in the form of invoices for the fees and costs supposedly incurred by its North Carolina counsel.

In a footnote, Magistrate Judge Johnson improperly excuses this failure. First, Magistrate Judge Johnson implies that Plaintiff has somehow waived BCAH's obligation to submit invoices of the fees and costs incurred. (*See* DE 184 at 11)  Magistrate Judge Johnson cites an email from Plaintiff's former counsel in which Plaintiff does not object to BCAH filing its bill of costs without invoices. (*See* id.)  However, the fact that Plaintiff's former counsel did not oppose the filing of BCAH's bill of costs without invoices does not constitute a waiver of BCAH's obligation under the Local Rules. Indeed, Plaintiff has no authority to waive BCAH's obligations under the Local Rules. That is the authority of this Court.

Second, in that same footnote, Magistrate Judge Johnson offers another excuse for BCAH's failure to submit invoices by noting that Plaintiff's authorities did not "suggest that a fee request is invalid **solely** because of a lack of attached invoices." (*See* DE 184 at 11) (emphasis added).  However, whether cases have held such a failure is the sole reason for invalidating a fee request does not alter the fact that, without invoices, it is impossible to

determine whether the fees and cost from BCAH's North Carolina were ever actually billed to

BCAH.

BCAH should not be allowed to benefit from flouting the Local Rules and force this

Court to award attorneys' fees based on assumptions.

## <u>CONCLUSION</u>

In view of the foregoing, Plaintiff respectfully requests that the Court not adopt

Magistrate Judge Johnson's Report and Recommendation that BCAH be awarded $12,287.97 in

fees and costs for its North Carolina counsel and that BCAH only be awarded the fees for which

it has submitted invoices.

Dated:   Miami, Florida                                      DUANE MORRIS LLP
         August 25 , 2011


By: /s/

Harvey W. Gurland, Jr., P.A.
Florida Bar No.:  284033
Raymond Robin
Florida Bar No.: 613835
200 South Biscayne Boulevard,  Suite 3400
Miami, Florida 33131
Telephone: 305.960.2200
Facsimile: 305.397.1874
-and-
Gregory P. Gulia (*pro hac vice*)
Vanessa Hew (*pro hac vice*)
1540 Broadway
New York, NY 10036
(212) 692-1000
Telephone: 212.692.1000
Facsimile: 212.692.1020

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 25th day of August 2011, a true and correct copy of the foregoing Plaintiff's Objection to the Magistrate Judge's Report and Recommendation was filed via this Court's Electronic Case Filing System with which the following counsel will be sent notice:

| | |
|---|---|
| **Anthony J. Biller, Esq.** | **Jeffrey L. Hockman, Esq.** |
| **Emily M. Haas, Esq.** | **Hudson C. Gill, Esq.** |
| **David E. Bennett, Esq.** | Johnson, Anselmo, Murdoch, Burke, Piper & |
| Coats & Bennett, PLLC | Hockman, P.A. |
| 1400 Crescent Green, Suite 300 | 2455 E. Sunrise Blvd., 10th Floor |
| Cary, NC 27518 | Fort Lauderdale, FL 33304 |

s/ Harvey W. Gurland, Jr.